UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LOIS ANN BAILEY | * | CIVIL ACTION NO. 08-1795 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

## REPORT & RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

## Background & Procedural History

Lois Ann Bailey protectively filed the instant applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments on September 21 and 30, 2005, respectively. (Tr. 55-57, 66, 291-293). She alleged disability since January 26, 2005, due to psoriasis, high blood pressure, migraines, "sinus and gout – heart and back problems." (Tr. 58-59). The state agency denied the claims at the initial stage(s) of the administrative process. Thereafter, Bailey requested and received an April 24, 2007, hearing before an Administrative Law Judge ("ALJ"). (Tr. 296-323). However, in an August 16, 2007, written decision, the ALJ determined that Bailey was not disabled under the Act, finding at Step Five of the sequential evaluation process that she was able to perform work that exists in substantial numbers in the

national economy. (Tr. 18-29). Bailey appealed the adverse decision to the Appeals Council. Nonetheless, on September 22, 2008, the Appeals Council denied Bailey's request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 5-7).

On November 21, 2008, Bailey sought review before this court. She alleges the following errors:

(1)  the ALJ failed to apply the Psychiatric Review Technique pursuant to 20 C.F.R. § 416.920a;

(2)  the ALJ failed to find that plaintiff suffered from a severe right knee impairment;

(3)  the ALJ failed to consider the combined effect of plaintiff's impairments; i.e. the ALJ's residual functional capacity assessment is not supported by substantial evidence; and

(4)  the Appeals Council failed to remand plaintiff's case for consideration of new and material evidence obtained after the ALJ's decision.

### **Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789

(5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **Determination of Disability**

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite

>    duration will not be found to be disabled.
>
> (3)   An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.
>
> (4)   If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.
>
> (5)   If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

See, Boyd v. Apfel, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that Bailey suffers from severe impairments of hypertensive heart disease, degenerative disc disease, and psoriasis. (Tr. 23). The ALJ concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. (Tr. 25).

**1) Psychiatric Review Technique Form**

When evaluating the severity of mental impairments, the regulations require that a

psychiatric review technique form be completed during the initial and reconsideration phases of the administrative review process. 20 C.F.R. § 1520a(e); 20 C.F.R. § 416.920a. The psychiatric review technique rates the degree of functional limitation in four broad areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. §§ 1520a(c), 920a(c). The ALJ must incorporate the pertinent findings and conclusions of the psychiatric review technique into his decision. *Id*. In the Fifth Circuit, however, an ALJ's failure to complete the psychiatric review technique is a procedural error that does not require remand, provided the error has not affected a party's substantial rights. *McGehee v. Chater*, 1996 WL 197435, *3 (5th Cir. Mar. 21, 1996) (unpubl.) (citing, *Maya v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1984)).

Plaintiff initially argued that the ALJ failed to apply the psychiatric review technique to her alleged mental impairment (depression). However, the ALJ's decision incorporated the findings of two stage agency psychologists, who applied the psychiatric review technique to plaintiff's depression, yet found that the impairment was not severe. (Tr. 24, 119-133, 186-199). Furthermore, the examining consultative physician, David Hebert, M.D., observed in May 2005 that although plaintiff suffered from a major depressive disorder, without psychosis, the condition was treated with Zoloft, and remained in remission, at the time. (Tr. 116-118).

Nonetheless, plaintiff contends that the non-examining agency psychologists did not have the benefit of subsequent medical records which demonstrated a worsening of her mental impairment. However, because this matter is being reversed on other grounds,[1] upon remand, the Commissioner may consider this additional evidence when evaluating the severity of plaintiff's mental impairment, and refer plaintiff to a consultative psychologist, if appropriate.

---

[1] *See* discussion, *infra*,

**2) Non-Severity Standard**

Plaintiff contends that the ALJ applied the incorrect standard to determine that her alleged right knee impairment was not severe.[2] However, when, as here the ALJ's analysis proceeds beyond Step Two of the sequential evaluation process, strict adherence to *Stone* and its requirements is not required. *See Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988); *Chapparo v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987); *Jones v. Bowen*, 829 F.2d 524, n. 1 (5th Cir. 1987). Moreover, once a severe impairment is determined to exist, all medically determinable impairments must be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523 & 416.923. Although the instant ALJ determined that plaintiff's knee impairment was not severe, he nonetheless proceeded to consider the medical record and the aggregate impact of plaintiff's impairments, including those impairments that "[were] not severe." *See* Tr. 22 and discussion, *infra*.

**3) Residual Functional Capacity**

The ALJ determined that Bailey retains the residual functional capacity for light work, reduced by the ability to only occasionally climb (but not ropes, ladders, or scaffolds), balance, stoop, kneel, crouch or crawl, and a need to periodically alternate sitting and standing. (Tr. 25).[3]

---

[2] "'[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.'" *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting, S*tone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985).

[3] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or

Plaintiff generally challenges the sufficiency of the ALJ's residual functional capacity on the grounds that he failed to consider the combined effect of all of her impairments and because the assessment is undermined by more recent medical evidence. In his decision, the ALJ effectively rejected the relatively benign findings of the consultative physician, David Hebert, M.D., whose report represents the sole attempt by a physician to assess the effects of plaintiff's impairments (at the time of the ALJ's decision). *See* Tr. 27, 116-118. However, having discounted the assessment of the physician who considered the effects of plaintiff's impairments,[4] the instant record remains otherwise devoid of the requisite medical assessment or corroborating evidence to support the ALJ's residual functional capacity determination. *See Williams v. Astrue*, 2009 WL 4716027 (5th Cir. Dec. 10, 2009) (unpubl.) ("an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions"); *Ripley v. Chater,* 67 F.3d 552, 557 -558 (5th Cir. 1995) (substantial evidence lacking where: no medical assessment of claimant's residual functional capacity, and claimant's

---

leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

[4] In brief, the Commissioner contends that the ALJ effectively adopted the findings of Joan Campbell, a purported non-examining "medical consultant." (Tr. 200-207). However, a "medical consultant" must be an "acceptable medical source." *See* Program Operations Manual System ("POMS") DI 24501.001 THE DISABILITY DETERMINATION SERVICES (DDS) DISABILITY EXAMINER (DE) – MEDICAL/PSYCHOLOGICAL CONSULTANT (MC/PC). Here, it is manifest, that Ms. Campbell is a disability examiner; there is no indication that she is an acceptable medical source or even a medical professional. *See* Tr. 295. 20 C.F.R. 404.1527(f), 416.927(f); 404.1513(d)(3).

testimony was inconsistent with ALJ's assessment);[5] *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004) (unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).

**4) Post ALJ Decision Evidence**

In connection with her request for review before the Appeals Council, plaintiff submitted an October 8, 2007, medical statement from her treating physician, Cynthia Brown-Manning, M.D., which indicated that she suffered from knee pain, with effusion; low back pain; disk disease; tendonitis; and elbow pain. (Tr. 295C). Brown-Manning opined that plaintiff is able to work for two hours per day, stand for 30 minutes at a time and sit for 30 minutes. *Id*. She can occasionally lift five pounds, but never lift on a frequent basis. *Id*. She can never bend, and can only occasionally manipulate her hands, with the need to occasionally elevate her legs during an eight hour work day. *Id*.

Brown-Manning's statement constitutes part of the instant record – provided that it is new, material and related to the period before the ALJ's decision. *See Higginbotham v. Barnhart* 405 F.3d 332 (5th Cir. 2005); 20 C.F.R. § 404.970(b).[6] There is no question that the evaluation is

---

[5] The full range of light work requires the ability to walk or stand for approximately six hours in an eight hour day. *Weary v. Astrue*, 2008 WL 3820989 (5th Cir. Aug. 15, 2008) (unpubl.). Although Bailey testified that she could stand or sit for up to 30 minutes at a time, she did not indicate that she could alternate between standing and sitting for at least six hours of an eight hour work day. *See* Tr. 310.

[6] *Higginbotham* cited *Perez v. Chater*, and *Wilkins v. Sec'y Dept. of Health Human Servs*. as support for its finding that post-ALJ evidence is to be considered part of the record. *See, Higginbotham*, 405 F.3d at fn. 3 (*citing inter alia*, *Perez v. Chater*, 77 F.3d 41, 44–45 (2d Cir.1996) and *Wilkins v. Sec'y, Dept. of Health Human Servs*., 953 F.2d 93, 96 (4th Cir.1991) (*en banc*)). Both *Perez* and *Wilkins* require that the subsequent evidence be new, material and relevant to the pre-ALJ decisional period. *Perez, supra*; *Wilkins, supra* (citing, 20 C.F.R. §

8

new and material.  *See* discussion, *supra*.  Moreover, the Appeals Council provided no specific rationale for discounting the new evidence.  (Tr. 5-6).  Although the letter is dated approximately two months after the ALJ's decision, there is no indication that plaintiff's condition deteriorated during the intervening period.  Thus, the medical source statement is relevant to the time period at issue.  The new evidence further undermines the ALJ's residual functional capacity determination.

### Conclusion

Because the foundation for the Commissioner's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled, is also not supported by substantial evidence.

For the above-stated reasons,

**IT IS RECOMMENDED** that the matter be **REVERSED and REMANDED** for further proceedings consistent herein.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

404.970(b)).

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 13th day of January 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE